*Co. v. Sobkowiak,* 148 Ill. 573; *Illinois Steel Co. v. Schymanowski,* 162 Ill. 447; *Offutt v. World's Columbian Exposition,* 175 Ill. 472; *William Graver Tank Works v. O'Donnell,* 191 Ill. 236; *Illinois Steel Co. v. McFadden,* 196 Ill. 344; *Western Stone Co. v. Muscial,* 196 Ill. 382; *Slack v. Harris,* 200 Ill. 96; *Illinois Steel Co. v. Ryska,* 200 Ill. 280; *Pressed Steel Car Co. v. Herath,* 207 Ill. 576; *Chenoweth v. Burr,* 242 Ill. 312; and *Crannon v. Donk Bros. Coal & Coke Co.,* 259 Ill. 350; *Wheeler v. Chicago & W. I. R. Co.,* 267 Ill. 306.

The cases cited and relied upon by appellant are distinguishable upon the facts from the case at bar.

As applied to the facts in the instant case, the first instruction, given at the instance of appellee, stated the law correctly. The same instruction, in substance, was approved in *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589.

Such of the instructions tendered by appellant and refused by the court as stated correct principles of law applicable to the case were covered by other instructions given to the jury.

We perceive no substantial error in the record and the judgment is affirmed.

*Judgment affirmed.*

---

**City of Chicago, Plaintiff in Error, v. Clarence E. Green, Defendant in Error.**

**Gen. No. 20,135.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 28, 1915.

## Statement of the Case.

Action by the City of Chicago against Clarence E. Green in the Municipal Court to recover a penalty for the alleged violation by the defendant of a section of the Municipal Code, in keeping his saloon open between the hours of one and five o'clock A. M. To reverse a judgment for the defendant on a trial before the court without a jury, plaintiff brings error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for plaintiff in error; ULYSSES S. SCHWARTZ, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 864*—*when evidence insufficient to show ownership in action for penalty.* In an action for a penalty based on the violation of a city ordinance, requiring saloons to remain closed during certain hours, evidence *held* insufficient to show ownership of the saloon by defendant.

2. MUNICIPAL CORPORATIONS, § 864*—*when ownership must be shown in action for penalty.* Under a complaint charging that defendant kept open a saloon between one and five o'clock A. M. and sold intoxicants during that period in violation of an ordinance, ownership by the defendant of the offending saloon must be shown, since the gist of the offense charged was the unlawful use and occupation of property by the defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.